```
┌─────────────────────────────────────┐
│        Weekly Abstract of            │
│        PENDING CASES                 │
└─────────────────────────────────────┘
```

## No. 139

### ANDREWS v. TROSTLE et

No. 19437. Supreme Court

On motion to certify. Dock. Nov. 23, 1925; 3 Abs. 738.

1198. TROVER—Where a chattel has been delivered and permitted by vendor to remain in barn of vendor for period of some eight months, and said property is attached by another creditor of vendor, can the vendor maintain an action in trover?

On June 25, 1921, one Gassert gave a written order to Milton Trostle et al. for a certain furnace which was delivered; and part of same was put in Gassert's residence and part in a neighboring barn. Gassert never prepared a place for said furnace to be installed and it remained where placed on Sept. 11, 1921 until in 1922 when attached by Earl Andrews in a suit against Gassert for a merchandise account. Judgment was rendered against Gassert and the furnace sold at a public sale, Andrews receiving his account in full.

Trostle commenced an action against Andrews in the Putnam Common Pleas for conversion of the furnace and asked $225 damages. The case was tried and resulted in a verdict for Trostle, the Court of Appeals reversing the judgment. Upon retrial the verdict was again for Trostle and the judgment was affirmed by the court of Appeals but by a divided court.

The case is in the Supreme Court on a motion to certify and it is claimed by Andrews that the rights of the parties are wholly dependent on whether or not delivery was made by Trostle to Gassert of the furnace in question prior to the date of attachment. It is further claimde by Andrews that the undisputed facts and actions of Trostle show as a matter of law that delivery and sale were made on Sept. 11, 1921; and that thereafter Gassert was the owner of said furnace.

It is contended that Trostle had nothing further to do with the furnace to put it in a deliverable state on September 11th; and that by terms of the contract with Gassert, Trostle did not reserve any right of possession or other right in said furnace; and that Gassert was the unconditional owner of the furnace on September 11th when delivered and on June 9, 1922, when attached.

It is claimed that title to or right of property in a chattel will not support an action in trover; but that it must be united with actual possession or a right to immediate possession. An equitable title or right will not suffice for the maintenance of trover.

It is further claimed that Trostle was guilty of gross negligence and laches in allowing the furnace to remain in Gassert's possession for more than eight months, until after it had been sold; and as against Andrews, should be estopped from claiming it.

Attorneys—A. A. Slaybaugh, Leipsic, for Andrews; J. P. Leasure, Ottawa, and Wayne M. Trostle, Cleveland, for Trostle et.

Note—Motion to certify in this case allowed. 4 Abs. 26.

## No. 140

### CLEVE. & EAST. TRAN. CO. v. PUB. UTIL. COMM.

No. 19569. Supreme Court

Petition in error. Dock. Jan. 15, 1926; 4 Abs. 56.

The petition in error filed by The Cleveland and Eastern Transit Co. alleges that it operates a motor transportation bus line under a certificate of public convenience and necessity over certain routes in and near Cleveland Heights and that the commission permitted The Cresterland Bus Co. by its order to invade the certificated operation of the Cleveland and Eastern Transit Co. without giving it 60 days notice to provide such service as the commission might have found necessary in a proper proceeding for such service.

The Transit Co. seeks the reversal of the order of the Commission on the following grounds:

1. That the application of said Bus Co. did not show that plaintiff in error was operating as a motor transportation company in said seven mile strip;

2. That the Commission failed to give plaintiff in error ten days notice of the hearing on said application as provided by 614-91, GC. as amended;

3. That the application of said Bus Co. was not a complaint against the service of the plaintiff in error;

4. That the question of the adequacy of the service of plaintiff in error was not in issue before said Commission on said hearing;

5. That said finding, order and decision are against the weight of the evidence;

6. That the Commission erred in admitting evidence as to the adequacy of the service of the plaintiff in error, and also erred in giving consideration to such evidence;

7. That the Commission acted unlawfully and unreasonably in refusing to permit plaintiff in error to introduce evidence in its behalf, and in denying it its constitutional right to be heard as to its operation and service;

8. That said order of November 17th, 1925, is inconsistent with itself, in that in one portion said Commission finds that said municipalities are contiguous and finding that as to such it has no jurisdiction, the municipalities consenting thereto; while in another portion of the same order, said Commission proceeds to exercise jurisdiction, authorizing the same by permitting the Bus Co. to add equipment and established schedules, and thereby giving the State the right to all taxes paid, while as to contiguous municipality operation, which the Commission finds to be the fact, there is no law or power to collect public utility taxes; and therefore plaintiff in error avers that said order, finding and decision is unlawful and unreasonable;

9. That the Commission erred in failing to give plaintiff in error at least sixty days to provide such additional service as might have been found necessary after proper complaint as provided by 614-87 GC.

Attorneys—Ralph W. Sanborn, Cleveland, and John F. Carlisle, Columbus, for Transit Co.; C. C. Crabbe and J. W. Brickner, Columbus, for Commission.

Note—The case of Cain Bros. v. Pub. Util. Comm., No. 19572, involves the same question arising herein.